UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTA WALKER, | 1:26-cv-01291-HBK (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| v. | |
| PATWIN HORN, | |
| Respondent. | |

Petitioner—a state prisoner—initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 13, 2026.  (Doc. 1).[1]  Although Petitioner is confined in this District, he challenges his conviction and sentence entered by the San Bernardino County Superior Court.  (*Id*. at 1:24-25).

Under 28 U.S.C. § 2241(d), jurisdiction is proper in the judicial district where the petitioner was convicted or where the petitioner is incarcerated.  *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004).  However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Federal courts in California generally hear petitions for writ of habeas corpus in the district of conviction.  *Favor v.*

---

[1] Petitioner did not accompany his petition with requisite $5 filing fee or an application to proceed *in forma pauperis*.

1

*California*, No. 116-CV-01912-DAD-EPG-HC, 2017 WL 2671006, at *1 (E.D. Cal. June 21, 2017) (*citing Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968)).

Thus, the Court finds in its discretion "and in furtherance of justice" the petition should be transferred to the Central District of California.  28 U.S.C. §§ 1404(a), 2241(d); 28 U.S.C. § 84(c).

Accordingly, it is **ORDERED**:

The Clerk shall transfer this action to the United States District Court for the Central District of California, Eastern Division, and close this action in this Court upon transfer.

Dated:  February 13, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2