UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTA WALKER,<br>Petitioner,<br>v.<br>PATWIN HORN, Warden,<br>Respondent. | Case No. 5:26-cv-00726-DMG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition [Doc. # 1], the Order to Show Cause by the assigned United States Magistrate Judge ("OSC" [Doc. # 8]), Petitioner's Response to the OSC [Doc. # 9], the Report and Recommendation of the Magistrate Judge ("Report" [Doc. # 11]), and Petitioner's Objection to the Report ("Obj." [Doc. # 12]). The Court has undertaken a *de novo* review of the portions of the Report to which objections have been made.

Petitioner, who is serving a sentence of life without parole for first-degree murder, challenges the San Bernardino County Superior Court's denial of his motion for resentencing under California Penal Code § 1172.6 (formerly § 1170.95). [Doc. # 1 at 2.] The Superior Court's denial of the motion was based on its finding that Petitioner had been a major participant in a robbery who had acted with reckless indifference to human life, a finding that subsequently was

affirmed by the California Court of Appeal as supported by substantial evidence. *People v. Walker*, 2025 WL 1064735, at *10 (Cal. Ct. App., Apr. 9, 2025). The Report recommends the denial of the Petition and the dismissal of this action without prejudice. As discussed below, Petitioner's 11 objections to the Report do not merit a different result.

First, Petitioner objects that the Report incorrectly treats the Petition as a pure state-law challenge. Obj. at 1–2. The Court agrees with the Report that Petitioner raises a state-law challenge and agrees with the overwhelming number of decisions by federal courts that "a state court's allegedly erroneous denial of resentencing under section 1170.95 [renumbered to section 1172.6] does not raise an issue cognizable on federal habeas review." *Walker v. Cal. Supreme Court*, 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) (collecting cases).

In an attempt to avoid this result, Petitioner objects that his resentencing claim was reviewed under the California Supreme Court's decisions in *People v. Banks*, 61 Cal. 4th 788, 803 (2015), and *People v. Clark*, 63 Cal. 4th 522, 611 (2016), which in turn complied with two decisions of the United States Supreme Court in death penalty cases, *Enmund v. Florida*, 458 U.S. 782 (1982), and *Tison v. Arizona*, 481 U.S. 137 (1987). Obj. at 1–2. This objection fails to show that Petitioner's noncapital, state-law resentencing claim is governed by clearly established federal law. *Banks* and *Clark* are state-court decisions, not clearly established federal law. *See Kernan v. Cuero*, 583 U.S. 1, 8 (2017) (*per curiam*) (state-court decisions are not clearly established federal law). And *Enmund* and *Tison* were Eighth Amendment cases that raised the question of the proportionality of the death penalty for defendants who had participated in felonies that resulted in murder. But here, "relief would be barred by 28 U.S.C. § 2254(d), because the U.S. Supreme Court has never applied this rule to a non-capital sentence." *Martinez v. Johnson*, 2020 WL 3868459, at *6 n.9 (E.D. Cal. July 9, 2020) (rejecting argument that "the *Enmund-Tison* rule" would serve as clearly established federal law for a challenge to a life-without-parole sentence); *see also*

*United States v. Montoya*, 1996 WL 229188, at *5 (10th Cir. 1996) ("By its own language, *Enmund* applies only to death penalty cases."). Petitioner's reliance on the Supreme Court's death penalty jurisprudence, to argue that his non-capital resentencing denial violates federal law, is unavailing. *See Solem v. Helm*, 463 U.S. 277, 289 (1983) ("[O]ur decisions [in] capital cases are of limited assistance in deciding the constitutionality of the punishment in a noncapital case.") (citation omitted).

Second, Petitioner objects that the Report's general statement that federal habeas does not reexamine state-law questions is true but misapplied here. Obj. at 2. The statement is misapplied, according to Petitioner, because his resentencing claim is governed by federal law that includes not only *Enmund* and *Tison* but also *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Obj. at 2. *Jackson* is not clearly established federal law for Petitioner's resentencing claim. *See Mays v. Montgomery*, 2021 WL 2229082, at *4 (C.D. Cal. Apr. 22, 2021) ("A claim of insufficient evidence challenges the sufficiency of the evidence supporting the underlying conviction [citing *Jackson*]. Petitioner, however, is challenging the state court's denial of a request for resentencing. The Court is aware of no clearly established federal law recognizing a challenge to the sufficiency of evidence supporting a state court's denial of resentencing."). AEDPA also does not apply here because Petitioner has not satisfied his burden to "identify a 'clearly established' principle of 'Federal law' that the "Supreme Court' has pronounced." *Sanders v. Plappert*, 168 F.4th 837, 847 (6th Cir. 2026) (quoting 28 U.S.C. § 2254(d)(1)); *see also Sanders v. Miller*, 555 F. App'x 750, 752 (10th Cir. 2014) (Gorsuch, J.) ("[The petitioner] bears the burden of identifying [the] clearly established Supreme Court law."). "The Supreme Court has not yet specified what requirements, if any, due process imposes upon state law resentencing proceedings. This would alone be sufficient grounds to deny the Petition because there is no 'clearly established' federal law on which petitioner can rely." *Torricellas v. Core*,

2023 WL 2544558, at *7 (S.D. Cal. Mar. 15, 2023) (citing *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)).

Third, Petitioner objects that the Report wrongly relies on district court cases about generic section 1172.6 claims without addressing the federal constitutional nature of this particular claim. Obj. at 2. The federal constitutional nature of the claim, Petitioner argues, is shown by the applicability of the decisions in *Banks*, *Clark*, *Edmund*, and *Tison*. *Id*. As explained above, *Banks*, *Clark*, *Edmund*, and *Tison* are not clearly established federal law for Petitioner's attempt to raise a federal constitutional challenge to his non-capital resentencing denial.

Fourth, Petitioner objects that the Report incorrectly says Petitioner is merely trying to 'transform' a state-law claim into a federal one. Obj. at 2–3. This objection is repetitive of Petitioner's prior objections, in which he argues unsuccessfully that *Banks*, *Clark*, *Edmund*, and *Tison* are clearly established federal law that should have been applied to his non-capital resentencing claim.

Fifth, Petitioner objects that the Report's arbitrary-and-capricious analysis is incomplete because it ignores the state court's own findings that undercut its conclusion that Petitioner acted with reckless indifference. Obj. at 3. The state court undercut its conclusion of reckless indifference, according to Petitioner, because the state court found that, at the time of the killing, "[Petitioner] had less than five seconds to realize [the gunman] was about to fire and then to intervene," "[Petitioner] certainly could not reach [the victim] in that time," and "We also are not prepared to conclude [Petitioner] could have anticipated, in sufficient time to do anything about it, that [the gunman] would fire." *Id*. But this recitation ignores the California Court of Appeal's alternative determination that, "[n]onetheless, the evidence supports a finding that [Petitioner] had an earlier opportunity to cut short the progression of events that led to the killing." *Walker*, 2025 WL 1064735, at *7. During the earlier robbery, Petitioner "appeared to wave [the gunman] over, . . . [because Petitioner] wanted armed protection near where they were attempting to grab jewelry." *Id*. Petitioner's "conduct in encouraging [the

gunman] to provide armed cover and point his gun at [the victim] and others inside the swap meet is evidence of reckless indifference." *Id*. at *8. These findings, which reflected a careful review of the factors that weighed both in favor and against Petitioner's motion, are not arbitrary and capricious because they "do not defy rationality here." *Correll v. Stewart*, 137 F.3d 1404, 1420 (9th Cir. 1998). Under the arbitrary-and-capricious standard, federal courts are not permitted "to peer majestically over the [state] court's shoulder so that [they] might second-guess its interpretation of facts that quite reasonably — perhaps even quite plainly — fit within the statutory language." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citation omitted). The California Court of Appeal's review "is sufficient to satisfy the *Lewis* standard, however reasonable [Petitioner's] alternative explanation of [the evidence] may be." *Correll*, 137 F.3d at 1420.

Sixth, Petitioner objects that the Report overstates the force of the state appellate opinion's unfavorable findings while failing to address the favorable ones. Obj. at 3–4. In rejecting Petitioner's appeal of his resentencing denial, the California Court of Appeal's unfavorable findings included "preplanning, awareness of danger, an earlier opportunity cut off the progression of events, and alleged encouragement of the shooter." *Id*. at 3. These findings were overstated, according to Petitioner, because the California Court of Appeal also found in his favor that "Petitioner did not personally use a gun," "There was no evidence Petitioner knew the shooter had a history of violence," "The shooting happened so quickly that Petitioner had less than five second to react and could not reach the victim," and "The evidence was 'a closer case than many.'" *Id*. at 3–4. But even though this case was found to be closer than many, the California Court of Appeal concluded, after a careful review of the relevant factors weighing both in favor and against the motion, "that substantial evidence supports the trial court's factual findings that [Petitioner] was a major participant in the robbery and acted with reckless indifference to human life." *Walker*, 2025 WL 1064735, at *10. The California Court of Appeal's findings, regardless of how the Report summarized

them, were not "so unprincipled or arbitrary as to somehow violate the United States Constitution." *Lewis*, 497 U.S. at 781 (citation omitted).

Seventh, Petitioner objects that the Report is wrong to say federal habeas review cannot examine the sufficiency of the evidence supporting the state court's denial of relief. Obj. at 4. Petitioner again argues that the clearly established federal law governing his resentencing claim is *Jackson v. Virgina*. *Id*. As explained above, *Jackson* is not clearly established federal law for purposes of Petitioner's resentencing claim. But assuming for purposes of argument that *Jackson* was the clearly established federal law for this case, Petitioner could not overcome its highly deferential standard. As the Report noted, the state court found that Petitioner was a major participant in the robbery and acted with reckless indifference to human life because of the following: his significant role in pre-planning the robbery, his role in the gunman's use of the firearm, his awareness of the particular dangers of the nature of the crime, his earlier opportunity to cut short the progression of the events that led to the killing, his failure to prevent the subsequent murder when he had a chance, his direction of the gunman's attention to the victim, and his encouragement of the gunman to point his weapon directly at the victim. Report at 4. This evidence would clearly satisfy the *Jackson* standard, assuming it applied. Petitioner would be unable to prove that "all rational fact finders would have to conclude that the evidence . . . fails to establish" Petitioner's role in the murder was that of a major participant who acted with reckless indifference to human life. *See United States v. Nevils*, 598 F.3d 1158, 1165 (9th Cir. 2010) (*en banc*).

Eighth, Petitioner objects that the Report's reliance on *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006), for the proposition that state courts bind federal habeas courts on state-law questions, is misplaced. Obj. at 4–5. It is misplaced, according to Petitioner, because he "is not asking this Court to tell California courts what section 1172.6 means. Petitioner is asking this Court to decide whether the state court reasonably applied the federal constitutional limits on non-killer liability

after expressly invoking *Banks* and *Clark*, which are themselves implementation of *Enmund* and *Tison*." *Id.* at 4. The Court again agrees with the Report that Petitioner's claim is not cognizable and not controlled by clearly established federal law. Petitioner in effect is arguing that the state court "simply misapplied its own [state law] to the facts of this case," which fails "[b]ecause federal habeas corpus does not lie for errors of state law." *Lewis*, 497 U.S. at 780. The Court "of course [is] bound by a State's interpretation of its own statute," but it also "will not substitute [its] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court." *Garner v. State of Louisiana*, 368 U.S. 157, 166 (1961).

Ninth, Petitioner objects that the Report's reliance on *Holley v. Yarborough*, 568 F.3d 1091 (9th Cir. 2009), is inapt because Petitioner's claim is grounded in clearly established Supreme Court law. Obj. at 5. *Holley* emphasized that "[i]n cases where the Supreme Court has not adequately addressed a claim, this court cannot use its own precedent to find a state court ruling unreasonable." 568 F.3d at 1101. Petitioner argues that *Enmund*, *Tison*, and *Jackson* are clearly established Supreme Court precedent governing his claim. As discussed above, *Edmund*, *Tison*, and *Jackson* are not clearly established federal law for Petitioner's attempt to raise a federal constitutional challenge to his non-capital resentencing denial.

Tenth, Petitioner objects that the state appellate opinion itself shows this case is not frivolous and therefore not subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Obj. at 5. But under Rule 4, district courts may "summarily dismiss claims that are clearly not cognizable." *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim." *Id.* at 845. Because Petitioner's claim was not cognizable as a federal claim, the Report properly recommended dismissal under Rule 4. Moreover, dismissal was proper because the Magistrate Judge provided Petitioner "with

adequate notice and an opportunity to respond," by ordering him to show cause why this case should not be dismissed as non-cognizable and by considering Petitioner's explanations and the state court's decision on his resentencing claim. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (habeas petition was properly dismissed under Rule 4 as untimely where the district court relied on an order to show cause, Petitioner's response, and state court's decision).

Eleventh, Petitioner objects that the Report fails to appreciate the internal inconsistency in the state appellate opinion, which independently raises an issue under 28 U.S.C. § 2254(d)(2), for an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Obj. at 5–6. This objection is unavailing because section 2254(d)(2) "does not repeal the command of § 2254(a) that habeas relief may be afforded to a state prisoner 'only on the ground' that his custody violates federal law." *Wilson v. Corcoran*, 562 U.S. 1, 6 (2010) (*per curiam*). Section 2254(d)(2) does not apply here because Petitioner has not shown that his claim "entailed the infringement of any federal right." *Id*. at 5. Moreover, the internal inconsistency on which Petitioner bases his objection did not exist. The alleged inconsistency was the California Court of Appeal's finding that, at the time of the killing, "there was less than five seconds to react," "Petitioner could not reach the victim" and "Petitioner could not anticipate the shooting," yet also finding that Petitioner "consciously disregarded a grave risk of death." Obj. at 5. As discussed above, this recitation ignores the California Court of Appeal's alternative determination that, "[n]onetheless, the evidence supports a finding that [Petitioner] had an earlier opportunity to cut short the progression of events that led to the killing." *Walker*, 2025 WL 1064735, at *7. Petitioner's "conduct in encouraging [the gunman] to provide armed cover and point his gun at [the victim] and others inside the swap meet is evidence of reckless indifference." *Id*. at *8. Thus, the California Court of Appeal's findings reflected not an internal inconsistency, but rather the state court's recognition that this was a closer case than many but nonetheless did not warrant resentencing relief.

The Court concurs with and accepts the findings and recommendation of the magistrate judge.

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: November 24, 2026

DOLLY M. GEE
Chief United States District Judge